IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-195-FL

| | |
|---|---|
| WANDA MARIE ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| LATOYA CHERRY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court upon pro se plaintiff's motion for leave to proceed in forma pauperis (DE 1), and for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Brian S. Meyers entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's claims be dismissed. (DE 16). Plaintiff did not file objections to the M&R, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

1

The magistrate judge recommends dismissal of plaintiff's claims for lack of subject matter jurisdiction, reasoning complete diversity is lacking and the federal statutes to which plaintiff otherwise cites do not provide for a civil cause of action or otherwise are inapplicable on the facts alleged. See 18 U.S.C. §§ 245, 249 (criminal statutes); 14 U.S.C. § I (no pleadings implicating the establishment of the Coast Guard); Credit Card Accountability Responsibility and Disclosure Act of 2009, PL 111-24, May 22, 2009, 123 Stat 1734 (no pleadings implicating credit card issues). In the alternative, to the extent plaintiff seeks to bring a claim under 42 U.S.C. § 1983 for violation of her civil rights, plaintiff fails to effectively allege any violations of the Constitution or the laws of the United States, and, in addition, fails to allege any facts indicating defendant was acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. The court hereby ADOPTS the recommendation of the magistrate judge as its own. For the reasons stated therein, plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff's subsequently filed motions for restraining orders, (DE 18, 21), also are DISMISSED for lack of subject matter jurisdiction. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 6th day of February, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge